UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Andres Garza,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-06334 |
| | ) | |
| **Illinois Institute of Technology** | ) | |
| | ) | |
| **Defendant.** | ) | |

# COMPLAINT

Plaintiff Andres Garza ("Plaintiff") files this Complaint against Defendant Illinois Institute of Technology ("Defendant" or "Institute") and alleges the following:

## Jurisdiction and Preliminary Statement

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981a, the Civil Rights Act of 1866 as codified by 42 U.S.C. § 1981, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

2. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the laws of the United States, specifically Title VII, 42 U.S.C. 2000e-16, 42 U.S.C. 1981, and the ADEA, 29 U.S.C. 626.

3. Defendant hired Plaintiff as Executive Director of its Career Management Center on February 25, 2013.

4. Defendant terminated Plaintiff in April 2016 because he is Latino and over the age of 40.

**Venue**

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).  Defendant resides in this district and a substantial part of the events or omissions giving rise to these claims occurred in this district.  Plaintiff was employed by and terminated by Defendant in this district.

**Parties**

6.     Plaintiff Andres Garza is a 63 year old Latino man residing in Chicago, Illinois.  Plaintiff was employed by Defendant at its Career Management Center at all times relevant to this suit.

7.     Defendant, the Illinois Institute of Technology, is an accredited private university located in Chicago, Illinois.  Defendant employs at least 15 full-time employees and so is a covered employer under both the ADEA and Title VII.

**Exhaustion of Administrative Remedies**

8.     On November 7, 2016, Plaintiff timely filed charges of age discrimination, national origin discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC").

9.     On June 8, 2017, Plaintiff received a Notice of Right to Sue from the EEOC.  This Complaint has been filed within 90 days of receipt of that notice.  Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADEA and Title VII.

**Statement of Facts**

10. Plaintiff, a 63-year-old Latino man, was hired as Executive Director of Defendant's Career Management Center on February 25, 2013.

11. At all times during his employment, Plaintiff was fully qualified for his position and performed his job duties well.

12. In his only work performance review Plaintiff exceeded expectations and was awarded the highest possible salary increase for someone in his position.

13. In late 2015, Plaintiff began scheduling monthly lunch meetings of Latino faculty and staff to discuss issues Latinos faced at the Institute, including a lack of advancement opportunities and unfair treatment.

14. In April 2016, Defendant laid off approximately 24 people, including Plaintiff.

15. Plaintiff was terminated and subjected to discrimination in the terms and conditions of his employment because he is Latino and over 40.

16. In the letter conveying the layoff, Defendant stated that Plaintiff's position was eliminated. However, this was pretext.

**COUNT ONE**
**National Origin Discrimination**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**

17. The foregoing paragraphs are re-alleged and incorporated by reference herein.

18. Plaintiff, as a Latino, is a member of a protected class based on national origin.

19. Plaintiff, at all times employed by Defendant, performed his job satisfactorily.

20. Plaintiff was terminated because of his national origin, Latino.

21. Plaintiff exhausted administrative remedies.

22. As a result of Defendant's conduct, Plaintiff has suffered damages including

economic losses and emotional distress, in an amount to be determined at trial.

23. Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

## COUNT TWO
### Age Discrimination
### Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621

24. The foregoing paragraphs are re-alleged and incorporated by reference herein.

25. Plaintiff was over 40 years old and qualified for his position when he was terminated.

26. Plaintiff performed his job satisfactorily at all times employed by Defendant.

27. Defendant terminated Plaintiff because of Plaintiff's age.

28. Plaintiff exhausted his administrative remedies.

29. As a result of Defendant's conduct, Plaintiff has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

30. Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

## COUNT THREE
### Race Discrimination
### The Civil Rights Act of 1866, 42 U.S.C. § 1981

31. The foregoing paragraphs are re-alleged and incorporated by reference herein.

32. Plaintiff, as a Latino, is a member of a protected class based on national origin.

33. Plaintiff performed his job satisfactorily at all times employed by Defendant.

34. Defendant terminated Plaintiff because of his race and national origin.

35. By the conduct described above, Defendant deprived Plaintiff, a Latino, of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges of their contractual employment relationship with Defendant, in violation of 42 U.S.C. § 1981.

36. As a result of Defendant's conduct, Plaintiff has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

37. Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

## COUNT FOUR
### Retaliation for Engaging in Protected Activity
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a)

38. The foregoing paragraphs are re-alleged and incorporated by reference herein.

39. Plaintiff engaged in protected activity.

40. Defendant terminated Plaintiff for his protected activity.

41. Plaintiff, at all times employed by Defendant, performed his job satisfactorily.

42. Plaintiff exhausted administrative remedies.

43. As a result of Defendant's conduct, Plaintiff has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

44. Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

## COUNT FIVE
### Retaliation for Engaging in Protected Activity
### The Civil Rights Act of 1866, 42 U.S.C. § 1981

45. The foregoing paragraphs are re-alleged and incorporated by reference herein.

46. Plaintiff engaged in protected activity.

47. Defendant terminated Plaintiff for his protected activity.

48. Plaintiff, at all times employed by Defendant, performed his job satisfactorily.

49. As a result of Defendant's conduct, Plaintiff has suffered damages including economic losses and emotional distress, in an amount to be determined at trial.

50. Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights.

## Jury Demand

51. The Plaintiff requests trial by jury.

## Prayer for Relief

WHEREFORE, the Plaintiff respectfully requests that the court award him:

A. All past lost wages and benefits, plus interest;

B. Compensatory damages suffered because of this discrimination and retaliation;

C. An order that Defendant reinstate Plaintiff to a position comparable to his former one, or, instead of reinstatement, award him front pay and benefits;

D. All costs and reasonable attorney fees incurred in connection with this action; and

E. Any other damages and further relief as deemed just.

    Respectfully submitted,

    /s/Verónica Cortez
Verónica Cortez
MALDEF
11 E Adams St., Suite 700
Chicago, IL 60603
Phone: 312-427-0701
Fax: 312-427-0691

ATTORNEY FOR PLAINTIFF