IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Andres Garza,** | ) | |
|     **Plaintiff,** | ) | |
|     v. | ) | Case No. 17-cv-06334 |
| **Illinois Institute of Technology,** | ) | |
|     **Defendant.** | ) | Hon. Virginia M. Kendall |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Illinois Institute of Technology ("Defendant"), by and through its attorneys, William T. "Toby" Eveland, Gillian A. Cooper, and Kellie Y. Chen of the law firm of Saul Ewing Arnstein & Lehr LLP, hereby answers the Complaint of Plaintiff Andres Garza ("Plaintiff") as follows:

1. Defendant admits that Plaintiff has brought this action against Defendant alleging violations of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1986, and the Age Discrimination in Employment Act. Defendant denies that it is liable to Plaintiff under any legal theory, denies that it is liable to Plaintiff for damages and/or relief claimed therein, and denies that Plaintiff is entitled to any relief whatsoever.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines that paragraph 2 contains factual allegations, to which an answer is required, those allegations are denied.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant admits that it terminated Plaintiff in April 2016. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines that paragraph 5 paragraph contains factual allegations, to which an answer is required, those allegations are denied.

6. Defendant admits that Plaintiff was employed by Defendant at its Career Management Center. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6 of the Complaint, and accordingly, those allegations are denied.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff filed a Charge of Discrimination alleging age discrimination, national origin discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"). The remaining allegations contained in paragraph 8 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines that paragraph 8 contains additional factual allegations, to which an answer is required, those allegations are denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint, and accordingly, the allegations are denied.

10. Defendant admits that Plaintiff was hired as Executive Director of the Career Management Center on or about February 25, 2013. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of the Complaint, and accordingly, those allegations are denied.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff was terminated. Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16. Defendant admits that the allegations contained in paragraph 16 of the Complaint refer to a document, the contents of which speak for themselves. To the extent this paragraph contains any additional factual allegations, those allegations are denied.

## COUNT ONE
## National Origin Discrimination (Title VII)

17. Defendant repeats and realleges its answers to the preceding allegations as if fully set forth herein.

18. The allegations contained in paragraph 18 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines that paragraph 18 contains factual allegations, to which an answer is required, those allegations are denied.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. The allegations contained in paragraph 21 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines that paragraph 21 contains factual allegations, to which an answer is required, those allegations are denied.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT TWO
### Age Discrimination (ADEA)

24. Defendant repeats and realleges its answers to the preceding allegations as if fully set forth herein.

25. Upon information and belief, Defendant admits that Plaintiff was over the age of forty when he was terminated. Defendant denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines that paragraph 28 contains factual allegations, to which an answer is required, those allegations are denied.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT THREE
### Race Discrimination (Section 1981)

31. Defendant repeats and realleges its answers to the preceding allegations as if fully set forth herein.

32. The allegations contained in paragraph 32 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines

that paragraph 32 contains factual allegations, to which an answer is required, those allegations are denied.

33. The allegations contained in paragraph 33 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines that paragraph 33 contains factual allegations, to which an answer is required, those allegations are denied.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines that paragraph 35 contains factual allegations, to which an answer is required, those allegations are denied.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT FOUR
### Retaliation (Title VII)

38. Defendant repeats and realleges its answers to the preceding allegations as if fully set forth herein.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint are legal conclusions to which Defendant is not obligated to respond. To the extent, however, this Court determines

that paragraph 42 contains factual allegations, to which an answer is required, those allegations are denied.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT FIVE
## Retaliation (Section 1981)

45. Defendant repeats and realleges its answers to the preceding allegations as if fully set forth herein.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint and further denies that Plaintiff is entitled to any relief whatsoever.

51. Defendant admits that Plaintiff requests a trial by jury.

Answering Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief requested in paragraphs (A)-(E) and Defendant further denies that Plaintiff is entitled to any other relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Defendant, as and for its separate affirmative defenses to the Complaint, alleges and states as follows:

1. Defendant has filed a Motion to Dismiss, seeking dismissal of the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6), which is incorporated by reference herein.

2. Plaintiff's Complaint as a whole and each count therein fail to state claims upon which relief can be granted.

3. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

4. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, unclean hands, and/or estoppel.

5. Plaintiff is not entitled to the damages complained of in the Complaint.

6. Plaintiff has failed to mitigate his damages, if any.

7. Any action taken by Defendant with respect to Plaintiff was taken in good faith, in a reasonable manner and fashion, and for legitimate and lawful reasons.

8. Plaintiff has suffered no damages caused by Defendant.

9. Plaintiff's claims are barred in whole or in part by the acts and/or omissions of Plaintiff.

10. If Plaintiff suffered any injury or damage, as alleged, to be alleged or otherwise, then in that event, said injury and/or damage was proximately caused or contributed to by Plaintiff's own conduct, thereby reducing or barring Plaintiff's claims against Defendant.

11. Defendant took no action, intentional or otherwise, to cause Plaintiff emotional distress.

12. Plaintiff's request for punitive damages is not actionable because Defendant acted in good faith and has not acted willfully, without justification, with malice or with reckless

indifference to the any protected rights of Plaintiff, and therefore, Plaintiff is not entitled to punitive damages on the law or the facts.

13. Defendant intends to rely on or assert such other defenses which may become available or apparent during the course of discovery in this case, and Defendant expressly reserves the right to amend this Answer to assert any and all such defenses.

**WHEREFORE**, Defendant requests that Plaintiff's Complaint be dismissed with prejudice, that the Court award Defendant reasonable attorneys' fees and costs, and that the Court grant Defendant such other and further relief as the Court deems just and equitable.

**ILLINOIS INSTITUTE OF TECHNOLOGY**

By: */s/ William T. "Toby" Eveland*
William T. "Toby" Eveland (6284790)
Gillian A. Cooper (*pro hac vice*)
Kellie Y. Chen (6320432)
SAUL EWING ARNSTEIN & LEHR LLP
161 N. Clark, Suite 4200
Chicago, IL 60601
(312) 876-7100
toby.eveland@saul.com
gillian.cooper@saul.com
kellie.chen@saul.com

Dated: September 26, 2017