IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Andres Garza, ) | |
|     Plaintiff, ) | |
| v. ) | Case No. 17-cv-06334 |
| Illinois Institute of Technology, ) | |
|     Defendant. ) | Hon. Virginia M. Kendall |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ILLINOIS INSTITUTE OF TECHNOLOGY'S MOTION TO DISMISS
PLAINTIFF ANDRES GARZA'S COMPLAINT**

William T. "Toby" Eveland (6284790)
Gillian A. Cooper (*pro hac vice*)
Kellie Y. Chen (6320432)
SAUL EWING ARNSTEIN & LEHR LLP
161 N. Clark, Suite 4200
Chicago, IL 60601
(312) 876-7100
toby.eveland@saul.com
gillian.cooper@saul.com
kellie.chen@saul.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY .................................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

STANDARD ........................................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

   I.    PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII. ............................................... 3

   II.   PLAINTIFF FAILS TO ALLEGE AN AGE DISCRIMINATION CLAIM IN VIOLATION OF THE ADEA. ........................................................................................ 4

   III.  PLAINTIFF FAILS TO STATE A CLAIM FOR RACE DISCRIMINATION CLAIM UNDER SECTION 1981. ............................................................................................... 5

      a. Plaintiff does not allege race discrimination. ................................................... 5

      b. Plaintiff does not allege the existence of a contract. ........................................ 6

   IV.  PLAINTIFF FAILS TO STATE A RETALIATION CLAIM UNDER EITHER TITLE VII OR SECTION 1981. ................................................................................................ 7

      a. Plaintiff fails to allege that he engaged in a protected activity. ........................ 7

      b. Plaintiff fails to allege a causal link between any protected activity and his termination. . 9

CONCLUSION ..................................................................................................................... 10

## PRELIMINARY STATEMENT

Plaintiff Andres Garza ("Plaintiff") is a former employee of Defendant Illinois Institute of Technology ("Defendant"), who was terminated as part of a reduction-in-force ("RIF") of approximately twenty-four people in April 2016. (ECF No. 1, Complaint, ¶¶ 4, 14.) Nevertheless, Plaintiff has filed suit against Defendant and seeks damages for alleged discrimination and relation. Plaintiff, however, fails to state claims upon which relief can be granted because the Complaint is devoid of any factual allegations even suggesting that Defendant made an adverse employment decision against him based on national origin or age. In fact, the Complaint alleges no facts whatsoever in support of Plaintiff's conclusory allegations that Defendant discriminated and retaliated against him.

Accordingly, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moves this Court for an order dismissing Plaintiff's claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), claims of discrimination and retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and claims of discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA").

## PROCEDURAL HISTORY

On November 7, 2016, Plaintiff filed a Charge of Discrimination alleging age discrimination, national origin discrimination, and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1, Complaint, ¶ 8.) Plaintiff received a Notice of Right to Sue from the EEOC on June 8, 2017. (ECF No. 1, Complaint, ¶ 9.) Plaintiff filed the Complaint on September 1, 2017. (ECF No. 1, Complaint.)

The Complaint sets forth five causes of action: (1) Count One alleges national origin discrimination in violation of Title VII; (2) Count Two alleges age discrimination in violation of the ADEA; (3) Count Three alleges race discrimination in violation of Section 1981; (4) Count Four alleges retaliation in violation of Title VII; and (5) Count Five alleges retaliation in violation of Section 1981. (ECF No. 1, Complaint.)

Defendant was served with a copy of the Complaint on September 5, 2017.

**STATEMENT OF FACTS**[1]

Plaintiff, a 63-year-old Latino man, was hired as Executive Director of Defendant's Career Management Center on February 25, 2013. (ECF No. 1, Complaint, ¶¶ 3, 6.) In late 2015, Plaintiff "began scheduling monthly lunch meetings of Latino faculty and staff to discuss issues Latinos faced at the Institute, including a lack of advancement opportunities and unfair treatment." (ECF No. 1, Complaint, ¶ 13.)

In April 2016, Defendant laid off approximately twenty-four people as part of a RIF, including Plaintiff. (ECF No. 1, Complaint, ¶¶ 4, 14.) "In the letter conveying the layoff to Plaintiff, Defendant stated that Plaintiff's position was eliminated." (ECF No. 1, Complaint, ¶ 16.) Plaintiff alleges that Defendant's stated reason for Plaintiff's termination was pretext and that his termination was because he is Latino and over the age of forty. (ECF No. 1, Complaint, ¶¶ 4, 16.)

**STANDARD**

Rule 12(b)(6) permits a court to dismiss a claim where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under

---

[1] For purposes of Defendant's Motion to Dismiss, the factual allegations set forth in the Complaint are accepted as true. However, pursuant to the Standing Order Regarding Mandatory Initial Discovery Pilot Program, Defendant files contemporaneously herewith an Answer denying the material allegations set forth in Plaintiff's Complaint and Affirmative Defenses.

Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To survive a motion to dismiss, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT

### I. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII.

Plaintiff's Title VII national origin discrimination claim should be dismissed because it fails to sufficiently state a plausible claim under the *Twombly/Iqbal* requirements. Further, Count One of the Complaint fails to set forth a *prima facie* claim of national origin discrimination because Plaintiff fails to allege that similarly-situated employees outside of Plaintiff's protected class were treated more favorably.

Title VII prohibits discrimination in hiring, promotion, termination, compensation, and other terms and conditions of employment because of race, color, sex, national origin, or religion. 42 U.S.C. §§ 2000e *et seq.* To establish a *prima facie* case for discrimination, a plaintiff must demonstrate that: (1) he belongs to some protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) the employer treated similarly-situated employees outside of his classification more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

Here, Plaintiff alleges that his national origin is Latino and that he was terminated because of his national origin. (ECF No. 1, Complaint ¶ 18-20.) Plaintiff, however, does not

allege that non-Latinos were treated more favorably. In fact, Plaintiff concedes in his Complaint that in April 2016, Defendant laid off twenty-four people as part of a RIF, including Plaintiff. (ECF No. 1, Complaint ¶ 14.) Thus, Plaintiff's failure to allege that non-Latinos were treated more favorably is fatal to his claim of national origin discrimination.

Additionally, Count One of the Complaint should be dismissed because it contains only bare legal conclusions. Contrary to the requirements of *Iqbal*, the Complaint sets forth "labels and conclusions" and "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949, 173 L. Ed. 2d 868 (citations and internal quotation marks omitted). In *Iqbal*, the Court found that the complaint contained only a "formulaic recitation of the elements of a constitutional discrimination claim." *Id.* Thus, "the allegations [were] conclusory and not entitled to be assumed true." *Id.* (citations omitted).

Here, the Complaint similarly contains a formulaic recitation of the elements of a discrimination claim. Plaintiff alleges that he is Latino and makes the blanket assertion that he was terminated because of his national origin. (ECF No. 1, Complaint ¶¶ 18-20.) Plaintiff does not allege a single fact supporting this allegation. Containing only "naked assertions," Count One of the Complaint should be dismissed.

## II. PLAINTIFF FAILS TO ALLEGE AN AGE DISCRIMINATION CLAIM IN VIOLATION OF THE ADEA.

Plaintiff fails to allege a *prima face* claim of age discrimination in violation of the ADEA; therefore, Count Two of the Complaint should be dismissed. To state a *prima facie* claim of age discrimination, a plaintiff must prove that (1) he was in the protected age group of forty years or older, (2) he was performing his job within the legitimate expectations of his employer, (3) he was discharged, and (4) a substantially younger employee replaced him. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 746 (7th Cir. 1999). Additionally, a plaintiff must allege facts

demonstrating that his age was the "but for" reason for his termination. *Duncan v. Thorek Mem'l Hosp.*, 784 F. Supp. 2d 910, 918 (N.D. Ill. 2011) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343, 2350, 174 L. Ed. 2d 119 (2009).

Here, Plaintiff alleges that he was over the age of forty, qualified for his position, and that he was terminated because of his age. (ECF No. 1, Complaint, ¶¶ 25-27.) Plaintiff's age discrimination claim fails, however, because he does not allege that he was replaced by a substantially younger employee. *See Johnson*, 170 F.3d at 746. Plaintiff has not alleged (because he cannot) that he was replaced by a substantially younger employee; consequently, his claim fails as a matter of law. Additionally, Plaintiff fails to allege that his age was the "but for" reason for his termination. On the contrary, Plaintiff specifically alleges that he was one of twenty-four people laid off. This failure is fatal to Plaintiff's claim. Therefore, Count Two of the Complaint should be dismissed for failure to state a claim for age discrimination.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR RACE DISCRIMINATION CLAIM UNDER SECTION 1981.

Plaintiff fails to state a legally cognizable claim for discrimination under Section 1981. Because Plaintiff does not allege that he was subjected to racial discrimination while making a contract or enforcing his contract rights, Plaintiff does not state an actionable claim against Defendant under Section 1981. *See Sampson v. Yellow Cab Co.*, 55 F. Supp. 2d 867, 869 (N.D. Ill. 1999). Therefore, Count Three of the Complaint should be dismissed.

#### a. Plaintiff does not allege race discrimination.

Count Three of the Complaint purports to allege race discrimination in violation of Section 1981. Plaintiff, however, does not plead race discrimination, but instead pleads national origin discrimination. Therefore, Plaintiff's Section 1981 claim fails as a matter of law because Section 1981 does not cover national origin discrimination. Rather, Section 1981 only prohibits

race discrimination. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613, 107 S. Ct. 2022, 95 L. Ed. 2d 582 (1987) (holding that Section 1981 prohibits discrimination on the basis of race, "ancestry or ethnic characteristics" but not on the basis of national origin).

Here, Count Three fails to state a claim because Plaintiff does not allege any facts relating to his race. Rather, Plaintiff alleges, "as a Latino, [Plaintiff] is a member of a protected class *based on national origin*." (ECF No. 1, Complaint, ¶ 32) (emphasis added). Plaintiff pleads only national origin discrimination, not race discrimination. Therefore, Plaintiff fails to state a Section 1981 claim.

### b. Plaintiff does not allege the existence of a contract.

Plaintiff further fails to state a claim under Section 1981 because Plaintiff fails to allege the existence of a contract. "In order to bring a [S]ection 1981 claim there must at least be a contract." *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025, 1034 (7th Cir. 1988). Where a plaintiff fails to plead facts justifying the existence of a contract, a claim under Section 1981 cannot stand. *Blumenthal v. Murray*, 995 F. Supp. 831, 835 (N.D. Ill. 1998) (dismissing Section 1981 claim because plaintiff failed to plead specific facts regarding contract agreement). Although the Seventh Circuit has held that at-will employment is "sufficiently contractual in nature to maintain a Section 1981 action for discrimination in promotion and pay," it has not held that an at-will employee can maintain a Section 1981 action based solely on termination. *Walker v. Abbott Lab.*, 340 F.3d 471, 477-78 (7th Cir. 2003).

Here, nowhere in the Complaint does Plaintiff allege that he had any contractual relationship with Defendant. Accordingly, Plaintiff has not stated a claim under Section 1981. As noted by the Supreme Court, "[a]ny claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Domino's*

*Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct. 1246, 1249, 163 L. Ed. 2d 1069 (2006). By its very nature, Plaintiff's at-will employment could be terminated at any time. Thus, Plaintiff has not asserted, and cannot assert a contractual right to continued employment. As such, his Section 1981 claims should be dismissed with prejudice pursuant to Rule 12(b)(6).

**IV. PLAINTIFF FAILS TO STATE A RETALIATION CLAIM UNDER EITHER TITLE VII OR SECTION 1981.**

Plaintiff's Title VII and Section 1981 retaliation claims, Counts Four and Five, respectively, should be dismissed because Plaintiff: (1) fails to allege that he engaged in a protected activity, and (2) fails to allege a causal link between any protected activity and his termination.

**a. Plaintiff fails to allege that he engaged in a protected activity.**

Dismissal is warranted because the Complaint is devoid of any allegations that Plaintiff engaged in a protected activity. Although Plaintiff alleges that in late 2015, Plaintiff "began scheduling monthly lunch meetings of Latino faculty and staff to discuss issues Latinos faced at the Institute, including a lack of advancement opportunities and unfair treatment," (ECF No. 1, Complaint, ¶ 13), he fails to allege this conduct was a protected activity.

The courts "apply the same elements to retaliation claims under Title VII and § 1981." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (citations omitted). Title VII forbids an employer from discriminating against an employee who has "opposed any practice" made unlawful by Title VII or who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). "The anti-retaliation provision seeks to prevent employer interference with unfettered access to Title VII's remedial mechanisms by prohibiting employer actions that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and their employers." *Burlington N.*

*& Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (citations and internal quotation marks omitted). Similarly, the Supreme Court has determined that Section 1981, which prohibits racial discrimination in making and enforcing contracts, encompasses retaliation claims. *See CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 128 S. Ct. 1951, 1954-55, 170 L. Ed. 2d 864 (2008).

A general complaint that makes no mention of the specific form of discrimination is insufficient to support a retaliation claim. Additionally, a plaintiff's "membership in a protected class, without anything more, is not enough to transform [a] general complaint about improper workplace practices into a complaint opposing race discrimination." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 664 (7th Cir. 2006). For example, in *Tomanovich*, the court observed that an internal grievance alleging "discriminatory treatment with respect to [the plaintiff's] pay" could not form the predicate for a retaliation claim because it did not identify the basis of the alleged discrimination. *Id.* at 663 (internal citations omitted). "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Id.*; *see also Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003) (affirming summary judgment on plaintiff's retaliation claim where plaintiff had "complained only that she felt picked on, not that she was discriminated against 'because of' sex or gender"); *Mattern v. Panduit Corp.*, No. 11 C 984, 2011 WL 4889091, *7 (N.D. Ill. Oct. 11, 2011) (dismissing retaliation claims where the purported protected activity consisted of a complaint of harassment without mention of sex as the reason). *See Oates v. Discovery Zone*, 116 F.3d 1161, 1172 (7th Cir. 1997) (plaintiff's retaliation claim fails where the "requisite 'causal link' between [the plaintiff's] protected expression and [the defendant's] adverse action is . . . nowhere to be found"); *Bernier v. Morningstar, Inc.*, 495

F.3d 369, 376 (7th Cir. 2007) ("an employee can honestly believe he is the object of discrimination, but if he never mentions it, a claim of retaliation is not implicated, for an employer cannot retaliate when it is unaware of any complaints").

Here, Plaintiff has not alleged facts to sustain a retaliation claim under Title VII or Section 1981. His blanket, conclusory allegations that he "engaged in protected activity" and was terminated "for his protected activity" are insufficient. (ECF No. 1, Complaint, ¶¶ 39-40, 46-47.) Plaintiff did not allege what action constituted the "protected activity." Additionally, Plaintiff has not alleged that he complained or "opposed any practice" made unlawful by Title VII, or that Defendant retaliated against him for filing a charge, testifying, assisting or participating in an investigation, proceeding or hearing under Title VII. *See* 42 U.S.C. § 2000e-3(a). Further, Plaintiff has not alleged that he opposed racial discrimination, which is required under Section 1981. Thus, Plaintiff fails to state a claim of retaliation in violation of Title VII or Section 1981.

**b.    Plaintiff fails to allege a causal link between any protected activity and his termination.**

Assuming *arguendo* that Plaintiff has alleged a protected activity—which he did not—Plaintiff fails to allege a causal link between the protected activity and his termination. Plaintiff does not allege that he was laid off in April 2016 due to his involvement in any protected activity. Further, even if the "monthly lunch meetings" were a protected activity, Plaintiff fails to allege a causal connection between those lunch meetings and his termination. *See Oates*, 116 F.3d at 1172. Even under the generous pleading standards, Plaintiff's claims fail to allege retaliation in violation of Title VII and Section 1981. Therefore, Count Four and Count Five of the Complaint should be dismissed.

## CONCLUSION

Defendant respectfully requests that the Court dismiss Plaintiff's Complaint and grant Defendant such other and further relief as it deems just and proper under the law.

    Respectfully submitted,

    **ILLINOIS INSTITUTE OF TECHNOLOGY**

    By: */s/ William T. "Toby" Eveland*
    William T. "Toby" Eveland (6284790)
    Gillian A. Cooper (*pro hac vice*)
    Kellie Y. Chen (6320432)
    SAUL EWING ARNSTEIN & LEHR LLP
    161 N. Clark, Suite 4200
    Chicago, IL 60601
    (312) 876-7100
    toby.eveland@saul.com
    gillian.cooper@saul.com
    kellie.chen@saul.com

Dated: September 26, 2017