# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Andres Garza, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-06334 |
| | ) | |
| Illinois Institute of Technology | ) | Hon. Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Garza alleges in his complaint that he was terminated by his former employer, Defendant Illinois Institute of Technology, because he is Latino, 63 years old, and in retaliation for organizing meetings to oppose the unfair treatment of Latino staff. Consequently, Plaintiff presents a well pled complaint that tracks both what the Supreme Court and Seventh Circuit require. Plaintiff sufficiently pled discrimination under Title VII and the ADEA because the pleading standard for employment discrimination in the Seventh Circuit requires little detail and only that the claims be pled "quite generally." Here Plaintiff has provided more than sufficient information to meet that lax standard by explaining that Defendant terminated him because he is Latino and over the age of 40. Similarly, Plaintiff sufficiently pled discrimination under § 1981 because he pled he was terminated because he is Latino, a category covered by § 1981. Finally, Plaintiff properly pled his retaliation claims under Section 1981 and Title VII because he detailed his protected activity and pled that he was terminated because of that activity.

Read as a whole, Plaintiff more than fulfills the pleading requirement to acquaint Defendant with the nature, source, and extent of Plaintiff's claims.

**FACTS**

Plaintiff was employed by the Illinois Institute of Technology, an accredited university in Chicago, Illinois. Plaintiff is "a 63-year old Latino man." Dkt. No. 1, Complaint at ¶10. On February 25, 2013, Plaintiff "was hired as Executive Director of Defendant's Career Management Center." *Id.* at ¶10. Plaintiff received a review for his work and was told he "exceeded expectations and was awarded the highest possible salary increase for someone in his position." *Id.* at ¶12. In 2015, "Plaintiff began scheduling monthly lunch meetings with Latino faculty and staff to discuss issues Latinos faced at the Institute, including a lack of advancement opportunities and unfair treatment." *Id.* at ¶13. Plaintiff was laid off in April 2016 when "Defendant laid off approximately 24 people." *Id.* at ¶14. In the letter that stated Plaintiff was laid off, "Defendant stated that Plaintiff's position was eliminated." *Id.* at ¶16. Defendant's reasoning for terminating Plaintiff "was pretext." *Id.* at ¶16. Plaintiff was terminated because he is "a 63-year-old Latino man" and in retaliation "for his protected activity." *Id.* at ¶¶ 10, 40, 47.

**STANDARDS OF REVIEW**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" such that defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S.

89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original) (quotation marks omitted). The Court assesses the plausibility of a complaint as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

In the employment discrimination context, federal courts require that "'[a] complaint alleging [race] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his race].'" *Lavalais v. Vill. Of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013) (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013). The Seventh Circuit has held that "a plaintiff alleging employment discrimination on the basis of race, sex or some other factor . . . may allege the defendant's intent quite generally: 'I was turned down for a job because of my race' is all a complaint has to say." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (citing *Bennet v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). This literally means that an allegation that states "quite generally: 'I was turned down for a job because of my race is all a complaint has to say[.]'" *Id.* at 781 (quoting *Bennet v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *Shirley v. Staffing Network Holdings, LLC*, No. 16 C 6279, 2016 WL 6599951, at *2 (N.D. Ill. Nov. 8, 2016) (holding that employment discrimination claims "are not subject to a heightened pleading standard") (citations omitted).

Further, courts have held that a plaintiff need not address the *McDonnell Douglas* test at all in order to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *Smith v. Illinois Ass'n of Sch. Boards*, No. 3-10-CV-00242-DRH, 2010 WL 4293088, at *2 (S.D. Ill. Oct. 22, 2010). The Seventh Circuit has held that "[e]mployers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th

Cir. 2014). As a result, a "plaintiff is not required to include allegations – such as the existence of a similarly situated comparator – that would establish a *prima facie* case of discrimination under the 'indirect' method of proof." *Id.* (citing *Swierkiewicz*, 534 U.S. at 511-12).

**ARGUMENT**

I. **Plaintiff Sufficiently Pled National Origin Discrimination Under Title VII**

Under a 12(b)(6) motion a court "must 'ask itself *could* these things have happened not *did* they happen . . . The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015) (emphasis in original) (citations omitted). In the present case Plaintiff alleged in his complaint that (1) he is a Latino man, (2) he did his job satisfactorily and actually exceeded expectations, (3) he was laid off, and (4) the layoff was pretextual for national origin discrimination. See Dkt. No. 1, Complaint at ¶¶ 10-16.

Plaintiff has satisfied the requirements for stating a claim of discrimination under Title VII. The Seventh Circuit held that a complaint need only state that a person was terminated because of discrimination to survive a 12(b)(6) motion to dismiss. *Concentra*, 496 F.3d at 781. Plaintiff stated that he is Latino, that he did his job satisfactorily, and that he "was terminated and subjected to discrimination in the terms and conditions of his employment because he is Latino." Dkt. No. 1 at ¶¶ 10-11, 15, 16. Plaintiff fulfilled his pleading requirements. Further, Defendant is wrong in arguing that the Complaint must address each element of the *prima facie* standard under *McDonnell Douglas*. The Supreme Court has rejected this argument, explaining that "[t]he prima facie case under *McDonnel Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510. Plaintiff need only provide enough

4

information to provide Defendant with "fair notice of what the . . . claim is and grounds upon which it rests." *Concentra*, 496 F.3d at 776 (quoting *Twombly*, 550 U.S. at 545). Plaintiff's complaint closely tracks Supreme Court and Seventh Circuit precedent, and as such, Defendant is aware of Plaintiff's claims and the grounds upon which they rest. Dkt. No. 1 at ¶¶ 10-16.

Because Plaintiff sufficiently pled his Title VII claims, he respectfully requests that Defendant's Motion to Dismiss be denied.

## II. Plaintiff Sufficiently Pled an Age Discrimination Claim in Violation of the ADEA

Plaintiff's complaint properly pleads an ADEA claim against Defendant. As with Title VII claims, complaints alleging ADEA claims do not have a "heightened pleading standard." *Swierkiewicz*, 534 U.S. at 514-15 (holding that a complaint that stated that petitioner "had been terminated . . . on account of his age in violation of the ADEA" was enough to satisfy the pleading standard). Applying Seventh Circuit precedent, federal district courts defined that employment discrimination cases "'need only aver that the employer instituted a (specified) adverse employment action against the plaintiff'" to alert Defendant of the harm Plaintiff is alleging. *Levin v. Madigan*, 697 F. Supp. 2d 958, 966 (N.D. Ill. 2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Here, Plaintiff pled the basis of his ADEA claim. Specifically, he pled that he is 63 years old, that he performed his job duties well, and that he was terminated because of his age. Dkt. No. 1 at ¶¶ 10-11, 15.

Defendant is wrong to assert that Plaintiff was required to plead each of the *prima facie* elements, including that "a substantially younger employee replaced him." Dkt. No. 11, Memo in Support of Defendant's Motion to Dismiss, at 4. As above, the Supreme Court has already rejected this argument because the evidentiary standard has nothing to do with pleading

5

requirements. *Swierkiewicz*, 534 U.S. at 511. Even more directly on point, federal district courts applying Seventh Circuit precedent have rejected Defendant's argument that a complaint needs to include allegations about a "similarly situated comparator" to be sufficiently pled in an employment discrimination case. *Bunch v. Cty. of Lake*, No. 15 C 6603, 2016 WL 1011513, at *3, (N.D. Ill. Mar. 14, 2016) (quoting *Carlson*, 758 F.3d at 827). Not surprisingly, Defendant cites exclusively to irrelevant cases whose holding were made in the context of summary judgment rather than motions to dismiss. Dkt. No. 11 at 4-5; *Johnson v. Zema Svs. Corp.*, 170 F.3d 734, 746 (7th Cir. 1999) (ADEA case appealing a summary judgment decision by the district court); *Duncan v. Thorek Mem'l Hosp.*, 784 F. Supp. 2d 910, 918 (N.D. Ill. 2011) (a decision by this Court granting summary judgment). Because Plaintiff has properly alleged sufficient facts regarding his ADEA claims, he respectfully requests that the Court deny Defendant's Motion to Dismiss on this basis.

**III.     Plaintiff Sufficiently Pled a Claim for Race Discrimination Under Section 1981**

The Seventh Circuit has held that at-will employment, without a signed contract presents a contractual relationship governed by § 1981. *Walker v. Abbott Labs.*, 340 F.3d 471, 478 (7th Cir. 2003). With regard to layoffs, the fact pattern here, the Seventh Circuit held that that "[c]laims with respect to discriminatory layoffs and recalls are clearly protected under section 1981." *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025, 1034 (7th Cir. 1998). Here, Plaintiff pled that he was employed by Defendant and that he was terminated because he is Latino. Dkt. No. 1 at ¶ 10, 15. Plaintiff, therefore, pled all necessary facts to defeat a motion to dismiss.

Further, Latino or Hispanic is an accepted racial classification under § 1981. The Supreme Court held that "[b]ased on the history of § 1981, we have little trouble in concluding

6

that Congress intended to protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. . . whether or not it would be classified as racial in terms of modern scientific theory." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Federal district courts have recognized the obvious proposition that Latinos are covered by § 1981 in both pre-*Saint Francis* decisions and post-*St. Francis* decisions. *See Vega v. Chicago Park Dist.*, 165 F. Supp. 3d 693, 702 (N.D. Ill. 2016) (held that a Hispanic/Latina woman's § 1981 claim could survive summary judgment.); *Garcia v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 80 F.R.D. 254, 264 (N.D. Ill. 1978) (held that "there is both a practical need and logical reason to extend the protections of § 1981 to persons of Hispanic ancestry or ethnic background"); *Aponte v. Nat'l Steel Serv. Ctr.*, 500 F. Supp. 198, 202-03 (N.D. Ill. 1980) (held that "[b]ecause Hispanics are frequently identified as "nonwhites" this court believes that the scope of § 1981 is broad enough to extend to that group.").

Defendant makes much of the irrelevant and incorrect point that "national origin" is not "race". In addition to being wrong on the point of law, as noted above, they are also wrong on the point of fact as Latino encompasses a group of people with "ancestry and ethnic characteristics" from a multitude of countries, much like the Arab category in *Saint Francis*. 481 U.S. at 612-13 (if the plaintiff could "prove that he was subjected to intentional discrimination based on the fact that he was born an Arab" he would have a case under § 1981). Therefore, Plaintiff's claims that he has been discriminated against because he is Latino are valid under § 1981.

## IV. Plaintiff Sufficiently Pled a Retaliation Claim under Both Title VII and Section 1981

The Seventh Circuit has held that a claim for retaliation must "allege that [plaintiff] engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson*, 758 F.3d at 828 (quotations omitted). The Plaintiff "need not use the specific terms" statutorily protected activity to plead retaliation for that activity. *Huri*, 804 F.3d at 833 (citing *Luevano*, 722 F.3d at 1029). The protected conduct must "provide some specific description . . . beyond the mere fact that it is protected." *Concentra.*, 496 F.3d at 781 (citing *Kyle v. Morton High Sch.*, 144 F.3d 448, 454 (7th Cir. 1998). Plaintiff in this case alleged that he engaged in protected activity by "scheduling monthly lunch meetings of Latino faculty and staff to discuss issues Latinos faced at the Institute, including lack of advancement opportunities and unfair treatment." Dkt. No. 1 at ¶ 13. Plaintiff also alleged that he was "terminated for his protected activity." *Id.* at ¶¶ 40, 47. Plaintiff has met the pleading standard required for retaliation under both Title VII and § 1981.

Defendant also argues that Plaintiff has to allege "a causal link between the protected activity and his termination." Dkt. No. 11 at 9. To the extent that they seek such an allegation, they have it as Plaintiff pled that he was "terminated for his protected activity." Docket No. 1 at ¶¶ 40, 47. To the extent they argue that Plaintiff must prove up the causal link at this stage, they are wrong. The Seventh Circuit has held that at the pleading stage a plaintiff need not "present proof of a causal link" to defeat a Motion to Dismiss. *Luevano*, 722 F.3d at 1029 (quoting *Johnson v. Cambridge Industries, Inc.*, 325 F.3d 892, 897 (7th Cir. 2003). In addition, Plaintiff provided more detail than necessary as he also alleged that he began hosting monthly lunches in late 2015 and was terminated in April 2016. Dkt. No. 1 at ¶¶ 13-14.

As above, Defendant again relies heavily on cases that are at the summary judgment stage and cites to no binding authority for motions to dismiss. *See Tomanovich v. City of Indianapoli*s, 457 F.3d 656 (7th Cir. 2006) (summary judgment); *Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720 (7th Cir. 2003) (summary judgment); *Oates v. Discovery* Zone, 116 F.3d 1161 (7th Cir. 1997) (summary judgment); *Bernier v. Morningstar, Inc.*, 495 F.3d 369 (7th Cir. 2007) (summary judgment). The standard at summary judgment is more stringent than it is at the pleading phase, and has no application here. Plaintiff has met his burden in pleading retaliation under Title VII and § 1981 and Defendant's motion should be denied.

## CONCLUSION

Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

Submitted by,

/s/Verónica Cortez
Verónica Cortez
MALDEF
11 E Adams St., Suite 700
Chicago, IL 60603
Phone: 312-427-0701
Fax: 312-427-0691

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

   I hereby certify that on October 13, 2017, I electronically filed the foregoing Plaintiff's Response to Defendant's Motion to Dismiss with the Clerk of Court using the CM/ECF system and that I served the same on the following by ECF:

William Tobias Eveland
Gillian Ashley Cooper
Kellie Y Chen
SAUL EWING ARNSTEIN & LEHR LLP
161 N Clark, Suite 4200
Chicago, IL 60601
(312) 876-7100
toby.eveland@saul.com
gillian.cooper@saul.com
kellie.chen@saul.com

                /s/Verónica Cortez
                Verónica Cortez
                MALDEF
                11 E Adams St.
                Suite 700
                Chicago, IL 60603
                Phone: 312-427-0701
                Fax: 312-427-0691

                ATTORNEY FOR PLAINTIFF