# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Andres Garza,** ) | |
|     **Plaintiff,** ) | |
|     **v.** ) | **Case No. 17-cv-06334** |
| **Illinois Institute of Technology,** ) | |
|     **Defendant.** ) | **Hon. Virginia M. Kendall** |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ILLINOIS INSTITUTE OF TECHNOLOGY'S MOTION TO DISMISS PLAINTIFF ANDRES GARZA'S COMPLAINT

William T. "Toby" Eveland (6284790)
Gillian A. Cooper (*pro hac vice*)
Kellie Y. Chen (6320432)
SAUL EWING ARNSTEIN & LEHR LLP
161 N. Clark, Suite 4200
Chicago, IL 60601
(312) 876-7100
toby.eveland@saul.com
gillian.cooper@saul.com
kellie.chen@saul.com

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1
ARGUMENT ..................................................................................................................... 1
   I.    PLAINTIFF FAILS TO STATE A TITLE VII CLAIM OF NATIONAL ORIGIN DISCRIMINATION. ................................................................................................. 1
   II.   PLAINTIFF FAILS TO ALLEGE AN AGE DISCRIMINATION CLAIM. ................... 4
   III.  PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 1981. .......................... 6
   IV.  PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A RETALIATION CLAIM. ....... 7
CONCLUSION .................................................................................................................. 8

# INTRODUCTION

As Defendant Illinois Institute of Technology ("Defendant") pointed out in its initial Motion to Dismiss, Plaintiff Andres Garza ("Plaintiff") fails to allege facts that, if taken as true, demonstrate that Plaintiff is entitled to relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), or under the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). Plaintiff's Complaint is replete with legal conclusions and fails to set forth any facts that support an inference of discrimination. Therefore, the Complaint should be dismissed in its entirety.

# ARGUMENT

## I. PLAINTIFF FAILS TO STATE A TITLE VII CLAIM OF NATIONAL ORIGIN DISCRIMINATION.

Plaintiff fails to sufficiently allege national origin discrimination in violation of Title VII because there are no facts pled in the Complaint that lead to a reasonable inference of discrimination. The facts pled in the Complaint set forth that "Plaintiff's position was eliminated" and that he was included in a layoff that affected twenty-four people. (ECF No. 1, Complaint, ¶¶ 14, 16.) Plaintiff then sets forth a legal conclusion—that the layoff was pretext—but does not provide any supportive facts. (ECF No. 1, Complaint, ¶ 16.)

To withstand a Fed. R. Civ. P. 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated on the pleading standards discussed in *Twombly* and set out a procedure for evaluating whether a complaint should be dismissed. 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). With respect to the "plausibility" standard described in *Twombly*, *Iqbal* explained

that "[a] claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw a *reasonable inference* that the defendant is liable for the misconduct alleged." *Id.* (citations omitted) (emphasis added). "A plaintiff must plead some facts that suggest a right to relief that is beyond the speculative level. This means that the complaint must contain allegations plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citations and internal quotation marks omitted). Further, a "complaint must allege some *specific facts* to support the legal claims asserted." *Id.* at 633 (emphasis added).

Plaintiff argues the only information a complaint must contain to set forth an employment discrimination claim and to survive a motion to dismiss is "[he] was [terminated] because of [his] [national origin]." (ECF No. 17, p. 3.) Plaintiff entirely ignores that a complaint must "give the defendant fair notice of what the claim is *and the grounds upon which it rests*." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) (emphasis added). Plaintiff also ignores that in *Concerta*, the Seventh Circuit affirmed the dismissal of the plaintiff's "stripped-down" complaint. *Id.* at 782. Here, the Complaint sets forth Plaintiff's claims, namely that he was allegedly terminated due to his national origin, but Plaintiff fails to set forth the *grounds upon which those claims rest*.

Additionally, relying on *Lavalais*, Plaintiff argues there is a "lax" pleading standard for employment discrimination cases. (ECF No. 17, p. 3.) The actual specifics of *Lavalais*, however, do not support Plaintiff's interpretation of its decision. The complaint in *Lavalais* sets forth the following claims and factual detail:

> Count I alleges that [the plaintiff] was passed over for assignment to the day or evening tour, was denied the opportunity to work a tour of duty other than the midnight tour, and was subjected to what is in effect a demotion in violation of Title VII. [The

> plaintiff] alleges that the defendants overlooked his qualifications and seniority because of his race and in retaliation for his complaints to the EEOC. Count II alleges that in 2010 [the plaintiff] complained to the EEOC that the defendants were discriminating against him because of his race and that in retaliation for his protected speech, the defendants assigned him to midnight duty and constructively stripped him of his authority as a sergeant. Count III alleges a violation of the Equal Protection Clause under § 1983, specifically that Chief Pitassi singled [the plaintiff] out for less favorable treatment because of his race, granting him limited authority as a sergeant, passing over him in favor of a less qualified person for another tour, diminishing his job responsibilities, and retaliating against him. Count IV alleges a municipal liability race discrimination claim against the Village.

*Id.* at 632. In sum, unlike Plaintiff here, the plaintiff in *Lavalais* set forth some, and arguably more than just some, factual detail supporting his claim to entitlement to relief.

Similarly, Plaintiff relies on *Shirley v. Staffing Network Holdings, LLC*, 16 C 6279, 2016 WL 6599951, at *1 (N.D. Ill. Nov. 8, 2016), to argue that Plaintiff only needs to plead he was terminated because of his national origin to state a claim. Plaintiff ignores pertinent language in *Shirley*: "A complaint need not contain detailed factual allegations, *but it must provide more than an unadorned the-defendant-unlawfully-harmed-me accusation*." *Id.* (citations and internal quotation marks omitted). In *Shirley*, the plaintiff alleged sufficient factual detail, including that "he observed [the defendant] referring non-African American job applicants before referring African American applicants with similar qualifications." *Id.* at 3. The plaintiff also "provided the court with the range of time during which he applied for jobs and one job that he worked at and considered himself qualified for further assignments." *Id.* The facts in *Shirley*, although concise, are more detailed than Plaintiff alleging only that he is Latino, and Plaintiff's legal conclusion that he was terminated based on his national origin.

Throughout the opposition, Plaintiff argues that summary judgment decisions are irrelevant at the motion to dismiss stage. Of course, Plaintiff is correct that there is a different

standard at the summary judgment stage than at the motion to dismiss stage. Plaintiff fails to appreciate, however, that his Complaint sets forth only conclusory legal claims without any factual support. Essentially, Plaintiff argues that anyone who has ever been subjected to an adverse employment action, anyone who has ever been passed over for a promotion, suspended, or terminated, can survive a motion to dismiss by pleading only: "I am [race/national origin/religion]. I was [denied promotion/suspended/terminated] because of my [race/national origin/religion]." By Plaintiff's standard, a complaint containing only those two sentences would survive a motion to dismiss. Plaintiff is simply wrong. Those two sentences may set forth the legal claim, but to survive a motion to dismiss, a complaint must allege "more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Shirley,* 16 C 6279, 2016 WL 6599951, at *1.

Here, there are no facts pled in the Complaint that lead to an inference of discrimination. To the contrary, the Complaint states that in April 2016, Defendant laid off approximately twenty-four people, including Plaintiff. (ECF No. 1, Complaint, ¶¶ 4, 14.) "In the letter conveying the layoff to Plaintiff, Defendant stated that Plaintiff's position was eliminated." (ECF No. 1, Complaint, ¶ 16.) Thus, the specific factual content in the Complaint supports a reasonable inference that Plaintiff's termination was not discriminatory, but rather as a result of a layoff. Therefore, Count One should be dismissed.

## II. PLAINTIFF FAILS TO ALLEGE AN AGE DISCRIMINATION CLAIM.

The Complaint fails to set forth a claim of age discrimination in violation of the ADEA. Relying on *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 999, 152 L. Ed. 2d 1 (2002), Plaintiff argues he does not need to plead that he was replaced by a substantially younger employee to state a claim of age discrimination. (ECF No. 17, p. 5.) Plaintiff, however, fails to consider that the plaintiff in *Swierkiewicz* set forth facts necessary to state a claim. In

*Swierkiewicz*, the plaintiff alleged that he was terminated on account of his national origin and age. 534 U.S. at 514, 122 S. Ct. at 999, 152 L. Ed. 2d 1. Unlike the Complaint in the instant matter, the *Swierkiewicz* complaint detailed the factual events leading to the plaintiff's termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination. *Id.* Dissimilar to *Swierkiewicz*, here, Plaintiff does not plead any facts that would lead to an inference of discrimination. Plaintiff does not provide "fair notice of the basis for [Plaintiff's] claims." *Id.* at 514. Plaintiff does not plead any information relating to those persons involved with his termination and does not plead the ages of any other individuals involved in his termination.

Plaintiff also relies on *Levin v. Madigan*, 697 F. Supp. 2d 958, 966 (N.D. Ill. 2010). In *Levin*, however, the plaintiff met the minimal pleading standard because he pled that he was "a 62-year-old male who was meeting his employer's legitimate expectations, when he was nonetheless terminated and *replaced by a substantially younger, less qualified female employ*ee." *Id.* at 966 (emphasis added). The plaintiff there also pled that the defendants also terminated other employees who were over the age of 50. *Id.* Unlike *Levin*, here, Plaintiff did not plead that he was replaced by a substantially younger, less qualified employee.

Even with the minimal pleading standard required for an employment discrimination complaint, "a complaint must contain something more than a general recitation of the elements of the claim[.]" *Levin*, 697 F. Supp. 2d at 966 (citations and internal quotations omitted). To survive a Rule 12(b)(6) motion, a complaint must include enough facts to support a discrimination claim. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008) (where the sex discrimination complaint alleged the plaintiff's sex, the plaintiff alleged "facts regarding promised and actual salary, as well as the salaries of other similarly situated male employees").

In *Tamayo*, the plaintiff alleged that "it was her belief that she was paid less than the similarly situated male employees both because she was a woman and because she was 'not cooperating' with the Governor's Office and the IDOR in their attempts to control the IGB." *Id.* (citations and internal quotation marks omitted). The plaintiff alleged that the defendants had treated her "differently than similarly situated male employees and exhibited discriminatory treatment against [the plaintiff] in the terms and conditions of her employment on account of [the plaintiff's] gender." *Id.* Plaintiff's allegations, however, fail to provide any factual support to show that Defendant terminated Plaintiff's employment under circumstances that support an inference of age discrimination. Consequently, Plaintiff's allegations fail to establish a plausible claim for age discrimination and Count Two must be dismissed.

## III. PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 1981.

Count Three of the Complaint purports to allege a violation of Section 1981. Plaintiff, however, pleads that "Plaintiff, as a Latino, is a member of a protected class based on *national origin*." (ECF No. 1, Complaint, ¶ 32) (emphasis added). Plaintiff expressly pleads *national origin* discrimination in violation of Section 1981, which is *not* a claim. Although Plaintiff argues that Latino "is an accepted racial classification," (ECF No. 17, p. 6), Plaintiff does not plead that his race is Latino. Rather, Plaintiff alleges only his national origin, i.e., Latino. (ECF No. 1, Complaint, ¶ 32.) Therefore, Plaintiff's Section 1981 claim fails as a matter of law because Section 1981 does not cover national origin discrimination.

Further, at-will employment *may* be sufficient to present a contractual relationship governed by Section 1981 as it relates to "discrimination in promotion and pay, *not termination or lay-off*." *See Walker v. Abbott Lab.*, 340 F.3d 471, 477-78 (7th Cir. 2003) (emphasis added). Here, Plaintiff alleges a Section 1981 violation in relation to his termination. (ECF No. 1,

Complaint, ¶ 34.) Plaintiff fails to plead a contractual relationship under which Plaintiff has rights with respect to termination. Therefore, Plaintiff has failed to state a claim under Section 1981.

## IV. PLAINTIFF FAILS TO SUFFICIENTLY ALLEGE A RETALIATION CLAIM.

Plaintiff's Title VII and Section 1981 retaliation claims, Counts Four and Five, respectively, should be dismissed because Plaintiff fails to allege that he engaged in a protected activity. Title VII makes it unlawful for an employer to retaliate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3.

Pleading a retaliation claim under Title VII requires the plaintiff to "allege that [he] engaged in statutorily protected activity and was subjected to an adverse employment action as a result of that activity[.]" *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). "The rules do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation." *Concentra*, 496 F.3d at 780. When alleging illegal retaliation, a plaintiff "must provide some specific description of that conduct beyond the mere fact that it is protected." *Id.* at 781.

Here, Plaintiff does not allege that he "opposed any practice made an unlawful employment practice" or that he "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." *Id.* Rather, Plaintiff alleges that in late 2015, he "began scheduling monthly lunch meetings of Latino faculty and staff to discuss issues Latinos faced at the Institute, including a lack of advancement opportunities and unfair treatment." (ECF No. 1, Complaint, ¶ 13.) These lunch meetings are not an activity protected by Title VII. *See*

*Tomanovich v. City of Indianapolis*, 457 F.3d 656, 664 (7th Cir. 2006) ("membership in a protected class, without anything more, is not enough to transform [a] general complaint about improper workplace practices into a complaint opposing race discrimination").

To plead retaliation, a plaintiff must allege that he engaged in statutorily protected activity and was subjected to an adverse action *as a result*. See *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). Assuming *arguendo* the monthly lunch meetings took place for the purpose Plaintiff alleges and qualify as a protected activity—which they do not—Plaintiff fails to allege Defendant knew about these meetings and that his termination was a result of those meetings. *See Durkin v. City of Chicago*, 341 F.3d 606, 614 n. 4 (7th Cir. 2003) (an employer's knowledge of the protected activity is implicit in the first element of the indirect method). Thus, Plaintiff fails to allege that he was subjected to an adverse action *as a result* of a protected activity and his retaliation claims fail. Thus, Plaintiff's retaliation claims should be dismissed.

## CONCLUSION

Defendant respectfully requests that the Court dismiss Plaintiff's Complaint and grant Defendant such other and further relief as it deems just and proper under the law.

Dated: October 20, 2017    Respectfully submitted,

**ILLINOIS INSTITUTE OF TECHNOLOGY**

By: */s/ William T. "Toby" Eveland*
William T. "Toby" Eveland (6284790)
Gillian A. Cooper (*pro hac vice*)
Kellie Y. Chen (6320432)
SAUL EWING ARNSTEIN & LEHR LLP
161 N. Clark, Suite 4200
Chicago, IL 60601
(312) 876-7100
toby.eveland@saul.com
gillian.cooper@saul.com
kellie.chen@saul.com