IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRES GARZA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 6334 |
| | ) | |
| v. | ) | Hon. Virginia M. Kendall |
| | ) | |
| ILLINOIS INSTITUTE OF TECHNOLOGY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Andres Garza sued Defendant Illinois Institute of Technology ("IIT")—his former employer—alleging that IIT discriminated against him due to his age and national origin and that IIT retaliated against him when he discussed discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; and 42 U.S.C. § 1981. IIT moved to dismiss for failure to state a claim. (Dkt. 10). For the reasons set forth below, IIT's motion (Dkt. 10) is granted in part and denied in part. Plaintiff shall file an amended complaint consistent with this opinion to the extent he can do so on or before January 18, 2018.

## BACKGROUND[1]

Plaintiff Andres Garza is a 63-year-old Latino man. Defendant Illinois Institute of Technology hired Garza as an Executive Director in its Career Management Center on February 25, 2013. (Dkt. 1 at ¶¶ 3, 10). During the time he worked at IIT, Garza received a rating of

---

[1] For purposes of IIT's motion to dismiss, the Court assumes as true all well-plead allegations set forth in Garza's complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

"exceeds expectations" on the only performance review he received from IIT and he was awarded the highest possible salary for his position. *Id*. at ¶ 12.

In late 2015, Garza began to schedule monthly lunch meetings of IIT's Latino faculty and staff in order to discuss Latino-specific issues, including the lack of advancement opportunities and unfair treatment at IIT. *Id*. at ¶ 13. In April 2016, IIT laid off 24 employees, including Garza, in a reduction in force. IIT informed Garza his position had been eliminated. Garza claims, however, that he was terminated because he is Latino and over 40 years of age. *Id*. at ¶¶ 14–16. Garza filed a charge of discrimination with the Equal Employment Opportunity Commission on November 7, 2016. After receiving notice of his Right to Sue on June 8, 2017, he filed this five-count Complaint alleging: national-origin discrimination in violation of Title VII (Count I); age discrimination in violation of the ADEA (Count II); race discrimination in violation of § 1981 (Count III); and retaliation in violation of Title VII and § 1981 (Counts IV and V). *See id*.

## LEGAL STANDARD

IIT seeks dismissal of Garza's complaint under Federal Rule of Civil Procedure 12(b)(6). A complaint must contain factual matter sufficient to state a claim that is plausible on its face. Fed R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine whether a complaint meets this standard, the "reviewing court must draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Conclusory statements and abstract recitations of the elements of a cause of

action, however, will not help a complaint survive a Rule 12(b)(6) motion. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

## ANALYSIS

A.  **Title VII Discrimination (Count I)**

Title VII makes it unlawful for an employer to "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). IIT argues that Garza has failed to set forth a prima facie case allege of national-origin discrimination under the *McDonell Douglas*[2] burden-shifting method and also that he has failed to allege sufficient facts to support such a claim. *See* (Dkt. 11 at 3–4). As an initial matter, the *McDonell Douglas* burden-shifting method is applied at the summary judgment stage, not at the pleading stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002); *see also Williams v. Cty. of Cook*, 969 F. Supp. 2d 1068, 1079 (N.D. Ill. 2013). The Supreme Court has explained that "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement," and that the "Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz*, 534 U.S. at 510; *see also Simpson v. Nickel*, 450 F.3d 303, 305 (7th Cir. 2006). Accordingly, IIT's first argument fails.

Still, Garza's "complaint must contain something more than a general recitation of the elements of the claim." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). For simple claims of race or sex discrimination, however, this is a "minimal pleading standard." *Id.* (citing *Concentra Health Servs., Inc.*, 496 F.3d at 781–82)); *see also id.* (even after the

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

heightened pleading standard set forth in *Twombly*, a complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his national origin]"). Put differently, "[a] plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. Law Office of Terrence Kennedy, Jr.*, -- F. App'x --, 2017 WL 4176285, at *2 (7th Cir. Sept. 21, 2017). Under this standard, Garza has alleged enough in support of his Title VII clam to give him the opportunity to see if he can find the evidence that he will need to prove his claim of national-origin discrimination. He asserts that he (1) is Latino, (2) was employed by IIT and (3) was terminated in April 2016 on account of his national origin. (Dkt. 1 at ¶¶ 6, 10, 14, 18, 20). The court's task on a motion to dismiss is not to gauge the ultimate strength of Garza's case; but rather, to determine whether the complaint contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support liability for the wrongdoing alleged. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (citing *Twombly*, 550 U.S. at 556). Therefore, IIT's motion to dismiss Count I is denied.

**B.     Age Discrimination (Count II)**

The same analysis applies to Garza's age-discrimination claim under the ADEA. Again, IIT argues that Garza must plead a prima facie case of age discrimination to state a claim, that: (1) Garza was in the protected age group of 40 years or older, (2) he was performing his job satisfactorily, (3) he was discharged, and (4) a substantially younger employee replaced him. *See* (Dkt. 11 at 4–5). And again, IIT cites to the standard of proof on summary judgment, not at the motion to dismiss stage. *See id.* (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 746 (7th Cir. 1999) (summary judgment)). Seeing that Garza alleges that he (1) is currently 63 years old, (2) was employed by IIT, and (3) was terminated in April 2016 (when he presumably was

4

somewhere between 61–62 years old) "because of [his] age" (Dkt. 1 at ¶¶ 6, 10, 14, 25, 27), he has sufficiently pled his age-discrimination claim under the minimal pleading standards applied here.[3] *See Clark*, -- F. App'x --, 2017 WL 4176285, at *1–*2 (rejecting argument that plaintiff was required to plead that the defendant replaced her with a younger person following termination). IIT's motion to dismiss Count II is denied. Notwithstanding this result, the Court reminds Garza that ADEA a plaintiff ultimately must "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision," not simply "one motivating factor" in that action. *Gross v. FBI Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009).

## C.    § 1981 Discrimination (Count III)

The Court next turns to Garza's claim of race discrimination under 42 U.C.S. § 1981. Section 1981(a) prohibits racial discrimination in the "mak[ing] and enforc[ing]" of contracts. This protection includes the "enjoyment of all benefits, privileges, terms, and conditions" of such relationships. 42 U.S.C. § 1981(b). "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Section 1981 is violated only by intentional discrimination. *General Building Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982). Thus, in order to state a claim of

---

[3] As an additional matter, Garza alleges that IIT employs "at least 15 full-time employees." The Court notes that the ADEA applies only to employers with *20 or more* employees. *See* 29 U.S.C. §§ 623(a), 630(b) ("The term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."). This threshold is a defense to liability under the ADEA, rather than a jurisdictional requirement, and therefore Garza's allegation is not, standing alone, fatal to his age-discrimination claim because it does not allege that IIT employed *fewer* than 20 people, but rather that it employed "at least 15" individuals. *See Clark*, -- F. App'x --, 2017 WL 4176285, at *2.

discrimination under § 1981, a plaintiff must allege that "(1) he is a member of a racial minority; (2) the defendant had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006). An employment relationship, including at-will employment, constitutes a contract for purposes of § 1981. *Walker v. Abbott Labs*, 340 F.3d 471, 475–78 (7th Cir. 2003) (discussing Illinois law).

IIT first argues that Garza's § 1981 claim should be dismissed because he "does not plead race discrimination, but instead pleads national origin discrimination." (Dkt. 11 at 5). However, "Section 1981 bars employers from discriminating and retaliating against employees based on the employee's race *or national origin*." *Tank v. T–Mobile USA, Inc.*, 758 F.3d 800, 805 (7th Cir. 2014) (emphasis added) (citing *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 695 n.4 (7th Cir. 2006)). Accordingly, Garza has satisfied the first element of his § 1981 claim.

Garza, however, ultimately fails to allege facts against IIT that could entitle him to relief under § 1981. Specifically, Garza does not allege that IIT had the intent to discriminate against him on the basis of his race or national origin—the second necessary element of this claim. Not only that, Garza has not pleaded any facts—direct or circumstantial—that could lead the Court to infer reasonably that his termination was motivated by intentional prejudice against him as a Latino. To be fair, Garza's complaint alleges that "Defendant's actions were willful, malicious, fraudulent, and oppressive, and were committed with the wrongful intent to injure Garza and in conscious disregard of Garza's rights." (Dkt. 1 at ¶ 37). But this unadorned allegation is insufficient, because it does not mention intentional *discrimination* and also because it is a conclusory allegation that Garza repeats without variation in each count of his complaint without any corresponding factual basis. *See* (Dkt. 1 at ¶¶ 23, 30, 37, 44, 50). Because Garza has not

stated a claim for § 1981 discrimination that is plausible rather than merely conceivable or speculative, the Court grants IIT's motion to dismiss with respect to Count III.

**D.      Retaliation (Counts IV and V)**

Finally, IIT moves to dismiss Garza's claims for retaliation under Title VII (Count IV) and § 1981 (Count V), arguing that they are insufficiently pled.  Title VII provides in part that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by" Title VII.  42 U.S.C. § 2000e–3(a).  Similarly, § 1981 authorizes an employee to sue an employer who has retaliated against him for his conduct in opposing illegal discrimination or in assisting someone facing illegal discrimination.  *Smith v. Bray*, 681 F.3d 888, 895 (7th Cir. 2012).

To state a claim for either Title VII or § 1981 retaliation, a plaintiff must plead that he engaged in a statutorily protected activity and was subjected to materially adverse actions as a result of that activity.  *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006); *Strickland v. Vill. of Richton Park*, 2015 WL 5062784, at *2 (N.D. Ill. Aug. 26, 2015) ("plaintiff must allege that plaintiff engaged in statutorily protected activity, [he] suffered an adverse employment action, and there is a causal connection between the two"); *see also Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) ("the same standards to Title VII and § 1981 discrimination and retaliation claims.") (citation omitted).  "For purposes of retaliation claims, statutorily protected activity generally consists of either an employee filing a charge with the EEOC or opposing any practice made unlawful." *Nielson v. Acorn Corrugated Box Co.*, 2002 WL 1941365, at *4 (N.D. Ill. Aug. 21, 2002); *see also* 42 U.S.C. § 2000e–3(a); *Mintz*, 788 F.3d at 679; *Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 674 (7th Cir. 2011)

(assuming that protected activity is the same for Title VII and § 1981 retaliation claims). "Communicating discriminatory workplace conduct to an employer" can constitute protected activity as well as opposition to the unlawful discrimination. *See Duncan v. Thorek Mem'l Hosp.*, 784 F. Supp. 2d 910, 925 (N.D. Ill. 2011) (citing *Crawford v. Metro. Gov't of Nashville & Davidson County*, 555 U.S. 271, 276 (2009)). However, for an action to be considered protected activity, it must be "more than simply a complaint about some situation at work, no matter how valid the complaint might be." *Cole v. Bd. of Trustees of N. Ill. Univ.*, 838 F.3d 888, 901 (7th Cir. 2016). The complaint instead must indicate discrimination on the basis of membership in a protected class. *Id.*; *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 851 (7th Cir. 2008) (although "a report of discrimination to a supervisor may be statutorily protected activity . . . , the report must include a complaint of national origin discrimination or sufficient facts to raise that inference").

To survive a motion to dismiss, then, and as Garza himself recognizes (Dkt. 17 at 8), the complaint must put the defendants on notice of the plaintiff's allegations by specifying the plaintiff's protected conduct because "an allegation of retaliation for some unspecified act does not narrow the realm of possibility" for the defendant. *Cole*, 838 F.3d at 782; *see also Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (a plaintiff must specifically identify the protected activity that he alleges was the source of retaliation); *Concentra Health Servs., Inc.*, 496 F.3d at 781 (complaints "alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected").

Here, aside from simply alleging that he engaged in a "protected activity" prior to his termination (Dkt. 1 at ¶¶ 39, 47), Garza alleges that he "began scheduling" monthly lunch meetings of Latino faculty and staff "to discuss issues Latinos faced." Although Garza alleges

that some of the issues that were to be discussed were "lack of advancement opportunities and unfair treatment," Garza does not allege that *discrimination* against Latinos or any other unlawful employment practices were discussed at such meetings (inferring from the allegations in favor of Garza that these meetings were actually held aside from simply being "scheduled"). Nor does Garza allege that he attended the meetings and relayed complaints of discrimination to IIT in any way, either by way of the presence of administrators or supervisors at the meetings or by Garza outside of the meetings. Without the communication of the alleged discriminatory conduct to IIT, the Court cannot find that the allegations about monthly meetings to discuss Latino issues constituted protected activity under either statute, and therefore Garza's retaliation claims cannot proceed. *See, e.g.*, *Cole*, 838 F.3d 901 (complaints must concern discrimination, not just some undesirable situation at work); *Duncan*, 784 F. Supp. 2d at 925 n.6 (complaints of discrimination to co-workers did not constitute protected activity). Accordingly, Garza's allegations that he scheduled lunch meetings for IIT's Latino staff, without more, fail to allege that he engaged in a protected activity.

Even if Garza's lunch-meeting allegations were sufficient to allege a protected activity, Garza's retaliation claims fail to plausibly allege that his termination was in anyway connected to the meetings. In fact, Garza fails set forth any allegations to indicate that IIT was even *aware* of the monthly meetings before the April reduction in force. Therefore, Garza has failed to plausibly allege both elements of his retaliation claim: (1) that he engaged in protected activity, and (2) that IIT terminated him as a result of that activity. *See Roots P'ship v. Lands' End*, 965 F.2d 1411, 1417 (7th Cir. 1992) (holding dismissal proper where complaint fails to allege an essential element of plaintiff's claim). Counts IV and V are dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court grants IIT's motion to dismiss (Dkt. 10) Count III, Count IV, and Count V. The Court denies the motion in all other respects. In the event that Garza chooses to file an amended complaint, he is given until January 18, 2018 to do so consistent with this opinion.

_____
Hon, Virginia M. Kendall
United States District Judge

Date: January 2, 2018